1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MARCEL CATINAS,                         )
                                        )
            Petitioner,                 )
                                        )
      v.                                )    CIV 06-0928 PHX SRB (SLV)
                                        )
ALBERTO GONZALES and                    )
PHILLIP CRAWFORD,                       )    REPORT AND RECOMMENDATION
                                        )
            Respondents.                )
_____ )

TO THE HONORABLE SUSAN R. BOLTON:

        Mr. Marcel Catinas ("Petitioner"), through counsel,
filed a Petition for Writ of Habeas Corpus ("Petition") pursuant
to 42 U.S.C. § 2241 on March 31, 2006, asserting his continued
detention by Respondents pending his removal to Romania violated
United States law and his constitutional rights.  At that time,
Petitioner was confined at the Immigration Service Processing
Center in Florence, Arizona.  Respondents filed a response to
the habeas petition on April 25, 2006, asserting the petition
for relief is now moot because Petitioner has been removed from
the United States.

        1.  **Procedural History**

        On July 20, 1998, an Immigration Judge ordered
Petitioner be removed to Romania.  See Petition at 4 & 8. In his
habeas petition Petitioner seeks relief in the form of an

individualized bond hearing or his release pending a change in his immigration status or his removal from the United States. See id.   In their response to the petition and suggestion of mootness, Respondents aver that Petitioner was removed from the United States on April 10, 2006.   See Docket No. 7, Exh. 1.

## 2.  **Analysis**

Respondents present evidence to the Court that Petitioner was removed from the United States on April 10, 2006. Because the petition for habeas relief attacks only Petitioner's release from detention the petition is moot.    The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted).   If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot.   See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

Petitioner was released from detention, i.e., removed from the United States, approximately ten days after he filed his federal habeas petition.   The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court.   Therefore, this habeas action, alleging his continued detention violates federal law and his constitutional rights, is moot.   See Picrin-Peron, 930 F.2d at 775; Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir.

2002); <u>Riley v. INS</u>, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that a petitioner's release moots their habeas petition challenging the legality of extended detention); <u>Watson v. INS</u>, 271 F. Supp. 2d 838, 840 (E.D. Va. 2003); <u>Camara v. Comfort</u>, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002).  <u>Cf.</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 8-16, 118 S. Ct. 978, 983-87 (1988) (finding moot a habeas petition challenging parole revocation procedures after the petitioner was released from prison); <u>Fendler v. United States Bureau of Prisons</u>, 846 F.2d 550, 555 (9th Cir. 1988) (holding that a section 2241 petition becomes moot once the petitioner, seeking release from parole rather than challenging the validity of his original conviction, is released from parole).

In accordance with the published opinions cited supra, the United States Ninth Circuit Court of Appeals has determined that an immigration detainee's release from detention moots a habeas petition asserting only that the detainee's continued detention violates United States law.  See <u>Fakic v. Sonchik</u>, 35 Fed. App. 674, 2002 WL 1060247, at *1 (9th Cir.); <u>Masters v. Shiltgen</u>, 28 Fed. App. 712, 714, 2002 WL 104927, at *2 (9th Cir.); <u>Loredo-Corrales v. Higgins</u>, 132 F.3d 39 (Table), 1997 WL 787196, at *1 (9th Cir.).[1]

---

[1]  More recent unpublished opinions also support this conclusion. <u>See, e.g.</u>, <u>Adelabu v. Gonzales</u>, 166 Fed. App. 275, 276 (9th Cir. 2006); <u>Davis. v. Gonzales</u>, 128 Fed. App. 410 (5th Cir. 2005).

### 3. <u>Conclusion</u>

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention, i.e., removed from the United States.  There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Catinas' Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of

-4-

law in an order or judgment entered pursuant to the
recommendation of the Magistrate Judge.

DATED this 10th day of May, 2006.


_____
Mark E. Aspey
United States Magistrate Judge

-5-